COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-227-CR

 

 

DERRICK D. KING                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Derrick D. King appeals his conviction
for aggravated assault.[2]  In a single point of error, he complains that
the trial court Aerroneously dissuaded@ him
from impeaching a witness.  We affirm.








Leon MacNeil and Joe Conner testifed that
appellant shot MacNeil in the leg. 
MacNeil testified that he did not use any illegal drugs on the day he
was shot.  Before Conner took the stand,
however, he privately disclosed to the prosecutor that he had seen MacNeil and
appellant smoking crack cocaine together on the day of the shooting.  The prosecutor promptly disclosed this
information to appellant=s trial attorney.

During a subsequent bench conference, the
attorneys and the trial judge discussed whether asking Conner about MacNeil=s drug
use on the day of the shooting would open the door to extraneous offense
evidence that appellant was using drugs with MacNeil, and the trial judge
stated that it Amight.@  Appellant=s trial
attorney then objected to the admission of any testimony that appellant was
using illegal drugs on the day of the shooting. 
Although the trial judge initially sustained the objection, she stated, AI=m going
to treat it as a motion in limine for you-all to approach and me to take up the
ruling at that time after I hear the evidence.@

Conner later testified on direct and cross
examination.  Appellant=s trial
attorney did not ask him about MacNeil=s drug
use, nor did he ask to approach the bench to obtain a ruling on the
admissibility of such testimony.








To preserve error for appellate review, a party
must obtain an adverse ruling by the trial court.[3]  Nothing is preserved until the trial court
makes a final ruling on the admissibility of evidence.[4]  Because appellant did not re-urge his
argument to the trial court or attempt to ask Conner the question which he now
says the trial court Adissuaded@ him
from asking, he did not secure an adverse ruling from the trial court.  We therefore hold that appellant has
forfeited his complaint.[5]  Accordingly, we overrule appellant=s sole
point and affirm the trial court=s
judgment. 

 

PER CURIAM

PANEL:  CAYCE, C.J.; WALKER and
MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 13, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 22.02(a) (Vernon
Supp. 2008).





[3]Tex. R. App. P.
33.1(a)(2); Fuller v. State, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008),
cert. denied, 129 S. Ct. 904 (2009).





[4]See Wilson v. State,
7 S.W.3d 136, 144 (Tex. Crim. App. 1999) (AThe trial court=s action appears to be in
the nature of a ruling on a motion in limine, which does not preserve error.@); see also Powell
v. State, 897 S.W.2d 307, 310 (Tex. Crim. App. 1994), cert. denied,
516 U.S. 808 (1995) (defendant failed to preserve complaint that jury should
have been shuffled when he failed to obtain final ruling on his request), overruled
on other grounds, Prystash v. State, 3 S.W.3d 522 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1102 (2000).





[5]See Tex. R. App. P.
33.1(a)(1)(A).